# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN SPISAK,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

2:05-cv-1147-JCM-PAL

ORDER

This habeas matter comes before the Court: (1) on petitioner's motion (#14) "To Appeal to Have Federal Judge Pro Preside Over 28 USC 2241 Writ;" (2) for *de novo* screening of the petition under Habeas Rule 4 following upon the recusal of Chief Judge Pro; (3) on petitioner's motion (#18) for final order; and (4) petitioner's motion (#22) for submission of the motion for final order.

### *Background*

On or about September 1, 2005, petitioner submitted a petition for a writ of habeas corpus on a Section 2241 form together with an application for leave to proceed *in forma pauperis.*

On October 6, 2005, the Court, through Chief Judge Pro, entered an order granting the application to proceed *in forma pauperis* and conducting initial review of the petition. The Court held:

> Under Local Rule LSR 3-1, a *pro se* habeas petitioner must file a petition seeking a writ of habeas corpus challenging

> state custody on the proper form supplied by the Court. Petitioner has not done so, and he will be given an opportunity to file an amended petition on a Section 2254 form.

#2, at 1. The Court directed that "the petition shall be dismissed without prejudice unless, within thirty (30) days of entry of this order, petitioner files an amended petition on a properly completed Section 2254 form . . . ." *Id.*, at 2.

Petitioner did not timely comply with the Court's order. Instead, in a motion for appointment of counsel filed on January 18, 2006, petitioner acknowledged that he had received the Court's October 4, 2005, order directing him to file a Section 2254 petition. He maintained, however, that he had received no order addressing the Section 2241 petition that he had filed. Petitioner requested, *inter alia*, an order addressing his Section 2241 petition.

In an order entered on January 27, 2006, the Court addressed, *inter alia*, petitioner's request for an order on the 2241 petition. The Court first exhaustively reviewed the petitioner's criminal and other relevant state and federal litigation history from his January 28, 2003, Nevada state conviction for attempted murder with use of a deadly weapon through to the present petition. See #5, at 1-3. The undersigned has conducted a *de novo* review of both this recital of the procedural history and the underlying documentation, and the undersigned incorporates the recital herein, as if set forth *in extenso*.

The Court next noted that its prior order in fact had addressed the Section 2241 petition and had held that the petition could not be brought under Section 2241 but instead must be brought under Section 2254, because the petition challenged petitioner's custody under a state judgment of conviction. The Court then expressly dismissed the Section 2241 petition without prejudice but delayed entry of final judgment to afford petitioner one last chance to file an amended petition on the Court's required form for a Section 2254 petition.

The Court in addition extensively informed the petitioner with regard to the state and federal limitations periods, which did not then appear to have expired:

> On the record presented, it . . . appears that the time for filing a federal petition, unless otherwise tolled, will expire on or about July 21, 2006.

. . . . .

> The Court . . . informs Petitioner that – on the record presented – it appears that: (1) Petitioner still may have time to file a timely petition for post-conviction relief in the state courts; (2) the federal one-year time period has not yet expired; [and] (3) the grounds asserted in the present federal action are subject to likely dismissal because, among other reasons, they were not exhausted in state court. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the federal one-year time period. It therefore appears on the present record that Petitioner may still have time to exhaust his remedies in a state post-conviction petition and then file another federal habeas petition after exhaustion.
>
> The Court informs Petitioner, however, that the present federal habeas action does not stop the federal one-year time period from running. Thus, if Petitioner continues to pursue the present federal petition, the Court dismisses the petition for lack of exhaustion or for any other reason, and Petitioner waits until after that dismissal to file a state court petition and thereafter a new federal petition, those later petitions may be dismissed as untimely. The fact that the present federal habeas action has been pending since September 2005 has not stopped the federal time period from running, will not stop the federal time period from running, and likely also has not stopped and will not stop the state time period from running.
>
> Petitioner further is informed that the state time period and the federal time period are not calculated in the same manner and may start and stop at different times.

#5, at 2 & 5-6. This information was repeated in a subsequent order. #7, at 2-3.

Ultimately, notwithstanding the foregoing, and notwithstanding the express delay of entry of a final judgment pending grant of the opportunity to amend, petitioner filed a notice of appeal seeking to appeal the not-yet-final dismissal of the Section 2241 petition. The Ninth Circuit ultimately dismissed the appeal for lack of jurisdiction because a final judgment had not been entered.

Subsequent to the filing of the appeal, petitioner filed the three motions now before the Court.

The first motion (#14) appears to have been originally directed to the Ninth Circuit and was forwarded to this Court by the Clerk of the Court of Appeals. In the motion, petitioner sought the recusal of Chief Judge Pro; and he maintained that neither Chief Judge Pro,

1  nor Judge Sandoval could preside over the matter. He requested a change of
2  venue to a different district court without these judges and a "quick ruling" on the appeal.
3  In the second motion (#18), petitioner requested that a final order be entered
4  dismissing his Section 2241 petition. He stated that he "will not be amending to 28 USC
5  2254." It appears that petitioner filed the motion after receiving the Ninth Circuit's order
6  dismissing the appeal for lack of jurisdiction and that he is seeking a final order from which
7  he can bring an appeal.
8  In the third motion (#22), petitioner requests submission of #18.

### *Recusal and Venue Issues (#14)*

To the extent that petitioner's motion (#14) was directed to this Court and sought recusal of Chief Judge Pro, that request now is moot following upon his entry of a recusal order (#25). The undersigned thereafter was assigned to this case by random draw. To the extent that petitioner further would seek the recusal of the undersigned, said request is denied. While petitioner's motion appears to suggest that the undersigned was a defendant in a suit brought by petitioner, such a suggestion does not appear to be correct. The undersigned instead was the presiding judge in a prior action brought by petitioner in San Diego and transferred to this Court under No. 2:04-cv-0001-JCM-PAL; and the undersigned presided in a prior habeas matter brought by petitioner in No. 2:04-cv-00846-JCM-RJJ. Neither the records of this Court nor the online docket records of the Southern District of California reflect that the undersigned was named as a defendant in a complaint filed by petitioner. The fact that the undersigned presided in prior matters brought by petitioner does not constitute a basis for recusal. All other requests for relief in the motion, including the request for a change of venue to a different district court, also will be denied as moot or meritless.

### *De Novo Initial Screening*

Following upon the reassignment of this matter, the undersigned has conducted an independent *de novo* review of the petition and record.

////

Following this independent *de novo* review, the Court concludes that petitioner may not proceed on a Section 2241 petition form and instead must proceed on a Section 2254 petition form.

Under Local Rule LSR 3-1, a *pro se* petition for a writ of habeas corpus must be filed on the form required by the Court; and the form required by the Court for petitions challenging custody under a state judgment of conviction is the Court's Section 2254 form.

In the present petition, petitioner claims that he is being subjected to "false imprisonment." In particular, he claims: (1) in Ground One, that the state district court is violating the First Amendment by impeding and delaying his state writ of habeas corpus by dismissing his state court petition during the pendency of this direct appeal; (2) in Ground Two, that he was subjected to illegal search and seizure in violation of the Fourth Amendment; (3) in Ground Three, that he was denied due process of law, alleging that he was arrested on an invalid arrest warrant; that he was charged on a perjured criminal complaint, declaration and summons; that he was improperly charged on a complaint rather than by indictment; that he was prosecuted in excess of the state district court's jurisdiction; that he was subjected to an invalid detainer and extradition; that he was not read his *Miranda* rights; and that he was denied a speedy trial; and (4) in Ground Four, again that he was denied his right to a speedy trial and further that he was denied effective assistance of counsel in some unspecified fashion.

Despite petitioner's repeated protestations to the contrary, the above-described petition indisputably challenges petitioner's custody under his state court conviction. It must be filed on a Section 2254 form.

Ninth Circuit law further confirms that petitioner must proceed under Section 2254 rather than Section 2241. The Ninth Circuit has held that a petitioner must proceed under Section 2254 when he is in custody pursuant to the judgment of a state court even when his petition does not challenge the underlying state conviction. *See, e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). That is, the determination of whether the petitioner must proceed under Section 2254 rather than Section 2241 is a status inquiry directed to the

source of the petitioner's custody rather than the target of his challenge. *Id.* Accordingly, even if, *arguendo*, petitioner were correct that he is not challenging his conviction, he still would be required to file under Section 2254, on the Court's required Section 2254 form, because he is in custody pursuant to the judgment of a state court.

### *Remaining Motions*

The Court will grant petitioner's motion (#22) for submission of the motion for final order but will deny the motion (#18) for entry of a final order at this juncture. The undersigned has screened the matter *de novo;* and, in the course of that *de novo* review, the Court has assigned additional reasons and case authority supporting the conclusion that petitioner must file an amended petition on a Section 2254 form. Petitioner will be afforded one opportunity to file an amended petition on the required form after considering the reasons and authority in the present order. If he does not wish to file an amended petition, he need only wait for the thirty days allowed by this order to expire. The Court then will enter an order and final judgment dismissing the petition without prejudice due to the petitioner's failure to comply with the Court's current order to file an amended petition on the form required for a Section 2254 petition.

The Court further again informs petitioner – as the Court previously informed petitioner in January 2006 – that July 21, 2006, appears to be the date on which the time for filing a federal petition under Section 2254, unless otherwise tolled, expires. The present federal habeas action has not stopped the running of the federal limitations period and likely has not stopped the running of the state limitations period. Thus, if this action is dismissed for failure to file a petition on the required form, for failure to exhaust state judicial remedies, or for any other reason, any later state or federal petitions filed by petitioner most likely will be time-barred, and, indeed, may well already be time-barred.

IT THEREFORE IS ORDERED that petitioner's motion (#14) "To Appeal to Have Federal Judge Pro Preside Over 28 USC 2241 Writ" is DENIED, as moot with respect to the request to recuse Chief Judge Pro and as meritless and/or moot with respect to all other requests made therein.

1  IT FURTHER IS ORDERED that petitioner's motion (#22) for submission of the motion
2  for final order is GRANTED and that, following said submission, the motion (#18) for final
3  order is DENIED.
4  IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner
5  shall file an amended petition on the Court's required Section 2254 form.  If petitioner does
6  not timely comply with this order, final judgment will be entered dismissing the petition without
7  prejudice for failure to comply with this order and the Local Rules of this Court.
8  The Clerk of Court shall send petitioner two copies of a blank Section 2254 form along
9  with this order.
10  DATED this 31st day of July, 2006.

_____
JAMES C. MAHAN
United States District Judge