# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN SPISAK,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

2:05-cv-01147-JCM-PAL

ORDER

This habeas matter comes before the Court following upon the petitioner's failure to file an amended petition on the Court's required Section 2254 form in response to multiple prior orders as well as upon, further, petitioner's motion (#46) for a copy of all documents, motion (#50) for appointment of counsel, and motion (#53) to strike.

### *Background*

On or about September 8, 2005, petitioner submitted a petition for a writ of habeas corpus on a Section 2241 form together with an application for leave to proceed *in forma pauperis.*

On October 6, 2005, the Court, through then Chief Judge Pro, entered an order granting the application to proceed *in forma pauperis* and conducting initial review of the petition. The Court stated:

> Under Local Rule LSR 3-1, a *pro se* habeas petitioner must file a petition seeking a writ of habeas corpus challenging state custody on the proper form supplied by the Court.

Petitioner has not done so, and he will be given an opportunity to file an amended petition on a Section 2254 form.

#2, at 1. The Court directed that "the petition shall be dismissed without prejudice unless, within thirty (30) days of entry of this order, petitioner files an amended petition on a properly completed Section 2254 form . . . ." *Id.*, at 2.

Petitioner did not comply with the Court's order. Instead, in a motion for appointment of counsel filed on January 18, 2006, petitioner acknowledged that he had received the Court's October 4, 2005, order directing him to file a Section 2254 petition. He maintained, however, that he had received no order addressing the Section 2241 petition that he had filed. Petitioner requested, *inter alia*, an order addressing his Section 2241 petition.

In an order entered on January 27, 2006, the Court addressed, *inter alia*, petitioner's request for an order on the 2241 petition. The Court first exhaustively reviewed the petitioner's criminal and other relevant state and federal litigation history from his January 28, 2003, Nevada state conviction for attempted murder with use of a deadly weapon through to the present petition. See #5, at 1-3. The undersigned has conducted a *de novo* review of both this recital of the procedural history and the underlying documentation, and the undersigned incorporates the recital herein, as if set forth *in extenso*.

The Court next noted that its prior order in fact had addressed the Section 2241 petition and had held that the petition could not be brought under Section 2241 but instead must be brought under Section 2254, because the petition challenged petitioner's custody under a state judgment of conviction. The Court then expressly dismissed the Section 2241 petition without prejudice but delayed entry of final judgment to afford petitioner one last chance to file an amended petition on the Court's required form for a Section 2254 petition.

The Court in addition extensively informed the petitioner with regard to the state and federal limitation periods, which did not then appear to have expired:

> On the record presented, it . . . appears that the time for filing a federal petition, unless otherwise tolled, will expire on or about July 21, 2006.
>
> . . . . .

> The Court . . . informs Petitioner that – on the record presented – it appears that: (1) Petitioner still may have time to file a timely petition for post-conviction relief in the state courts; (2) the federal one-year time period has not yet expired; [and] (3) the grounds asserted in the present federal action are subject to likely dismissal because, among other reasons, they were not exhausted in state court. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the federal one-year time period. It therefore appears on the present record that Petitioner may still have time to exhaust his remedies in a state post-conviction petition and then file another federal habeas petition after exhaustion.
>
> The Court informs Petitioner, however, that the present federal habeas action does not stop the federal one-year time period from running. Thus, if Petitioner continues to pursue the present federal petition, the Court dismisses the petition for lack of exhaustion or for any other reason, and Petitioner waits until after that dismissal to file a state court petition and thereafter a new federal petition, those later petitions may be dismissed as untimely. The fact that the present federal habeas action has been pending since September 2005 has not stopped the federal time period from running, will not stop the federal time period from running, and likely also has not stopped and will not stop the state time period from running.
>
> Petitioner further is informed that the state time period and the federal time period are not calculated in the same manner and may start and stop at different times.

#5, at 2 & 5-6. This information was repeated in a subsequent order. #7, at 2-3.

Notwithstanding the express delay of entry of a final judgment pending grant of the opportunity to amend, petitioner filed a notice of appeal seeking to appeal the not-yet-final dismissal of the Section 2241 petition. The Ninth Circuit dismissed the appeal for lack of jurisdiction because a final judgment had not been entered. ## 20 & 21.

Thereafter, with the proceedings being interrupted by multiple appeals from interlocutory non-appealable orders, the Court gave petitioner two additional opportunities to file an amended petition. ## 29 & 51. The Court further again advised petitioner of the potential for state and federal limitation period issues. #29, at 6. Petitioner has not responded by filing a petition on the required Section 2254 form. He has remained steadfast both in his position that he is entitled to proceed under Section 2241 and in his request for entry of a final judgment so that he may pursue an appeal of the dismissal. *E.g.,* #22.

### *Discussion*

### *Failure to Comply with Local Rules and Court Orders*

Petitioner may not proceed on a generic Section 2241 petition form and instead must proceed on the Court's required Section 2254 petition form.

Rule 2(d) of the Rules Governing Section 2254 Cases authorizes district courts to prescribe a standard form for habeas petitions. Under Local Rule LSR 3-1 of this Court, a *pro se* petition for a writ of habeas corpus must be filed on the form required by the Court; and the form required by the Court for petitions challenging state custody is the Court's Section 2254 form.

In the present petition, petitioner claims that he is being subjected to "false imprisonment." In particular, he claims: (1) in Ground One, that the state district court is violating the First Amendment by impeding and delaying his state writ of habeas corpus by dismissing his state court petition during the pendency of his direct appeal; (2) in Ground Two, that he was subjected to illegal search and seizure in violation of the Fourth Amendment; (3) in Ground Three, that he was denied due process of law, alleging that he was arrested on an invalid arrest warrant; that he was charged on a perjured criminal complaint, declaration and summons; that he was improperly charged on a complaint rather than by indictment; that he was prosecuted in excess of the state district court's jurisdiction; that he was subjected to an invalid detainer and extradition; that he was not read his *Miranda* rights; and that he was denied a speedy trial; and (4) in Ground Four, again that he was denied his right to a speedy trial and further that he was denied effective assistance of counsel in some unspecified fashion.

Despite petitioner's repeated protestations to the contrary, the above-described petition indisputably challenges petitioner's custody under his state court conviction. It must be filed on a Section 2254 form.

Ninth Circuit law further confirms that petitioner must proceed under Section 2254 rather than Section 2241. The Ninth Circuit has held that a petitioner must proceed under Section 2254 when he is in custody pursuant to the judgment of a state court even when his

petition does not challenge the underlying state conviction. *See,e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). That is, the determination of whether the petitioner must proceed under Section 2254 rather than Section 2241 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *Id.* Accordingly, even if, *arguendo*, petitioner were correct that he is not challenging his conviction, he still would be required to file under Section 2254, on the Court's required form, because he is in custody pursuant to the judgment of a state court.

Final judgment accordingly will be entered dismissing the action without prejudice for failure to comply with the Local Rules and multiple orders of this Court.

***Remaining Matters***

In petitioner's motion (#46) for a copy of all documents, he demands a copy of all documents in this case under 28 U.S.C. § 2250 and the Freedom of Information Act. Under long-established precedent, the matter of what, if any, copies should be provided to an indigent habeas petitioner on a Section 2250 request rests within the discretion of the judge presiding in the case. *E.g., Chessman v. Teets*, 239 F.2d 205, 214 (9th Cir. 1956). The person seeking copies must set forth sufficient information to enable a determination of the necessity for the copies. *E.g., United States v. Newsome*, 257 F.Supp. 201, 203 (N.D. Ga. 1966). Blanket requests for all copies in a case do not provide sufficient information for such an inquiry and are not within the purview of the statute. *E.g., id.*; *Cassidy v. United States*, 304 F.Supp. 864, 867 (E.D. Mo. 1969). In this case, petitioner simply has made a blanket demand for a copy of all documents in this case. Petitioner was served with a copy of every order issued in this case; he previously was twice provided a copy of #3 (#2, at 2; #7, at 3-4); and, on petitioner's motion (#53) to strike, the Court is directing that he be provided with a copy of #4. The Court will not direct the Clerk, on the blanket request made, to apply limited resources to make and send copies of the entirety of the voluminous file. The procedure for preserving copies of documents filed in a case is to send an extra copy with each filing to be file-stamped and returned. The Freedom of Information Act provides no greater right to free copies in this context than does Section 2250. The motion therefore will be denied.

On petitioner's second motion (#50) for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996 (1966).  Having once again reviewed this matter, the Court does not find that the interests of justice require that counsel be appointed.

In the motion (#53) to strike, petitioner is seeking: (a) to strike the Section 2241 petition (#3) mailed for filing on or about September 8, 2005; and (b) to have a copy sent to him of another Section 2241 petition or copy that was attached with a motion (#4) for appointment of counsel.  The motion will be granted in part and denied in part.  The Court will direct the Clerk to provide petitioner a copy of #4.  There is no basis, however, for striking the original petition filed from the record.  The Court further notes that all petitions submitted herein, which all were submitted on a Section 2241 form, are subject to dismissal.

IT THEREFORE IS ORDERED that petitioner's motion (#46) for a copy of all documents and motion (#50) for appointment of counsel both are DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#53) to strike is GRANTED IN PART and DENIED IN PART.  The Clerk shall provide petitioner a copy of the entirety of #4 with this order.  All other requests in #53 are denied.

IT FURTHER IS ORDERED that this action shall be DISMISSED without prejudice for failure to comply with the Local Rules and orders of this Court.

/ / / /

/ / / /

The Clerk of Court immediately shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 1st day of June, 2007.

_____
JAMES C. MAHAN
United States District Judge